UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JAMES WATSON,

Plaintiff,

v.

MODERN MEXICAN RESTAURANT GROUP, LLC d/b/a Grand Hacienda 4th St. Pete,

Defendant.
_______________________________/

**COMPLAINT**

Plaintiff James Watson ("Plaintiff") by and through his undersigned counsel hereby sues Defendant Modern Mexican Restaurant Group, LLC doing business as Grand Hacienda 4th St. Pete and https://grandhaciendarestaurant.com ("Defendant") for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

3. Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide him a window into the world that he would not otherwise experience. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to him (a visually impaired customer) the ability to effectively communicate with Defendant's place of public accommodation

despite using the available software for that purpose.

5. Plaintiff is also a "tester" for the purpose of asserting his civil rights and monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Defendant is a Florida limited liability company which owns and operates the Grand Hacienda restaurant which is located at 399 11th Avenue North, St. Petersburg, Florida 33701, which is commonly referenced as "Grand Hacienda 4th St. Pete." Defendant owns and operates, either directly or indirectly (through brother-sister entities or subsidiaries), places of public accommodation which are restaurants specializing in serving authentic Mexican cuisine. These restaurants are branded as "Grand Hacienda," each of which is open to the public; therefore, each Grand Hacienda restaurant is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182, and 28 C.F.R. §36.104(2). Grand Hacienda restaurants are referenced throughout as "place(s) of public accommodation," "Grand Hacienda restaurant(s)," or "restaurant(s)."

7. As the owner and operator of the Grand Hacienda 4th Street St. Pete restaurant, Defendant is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

8. There are four Grand Hacienda restaurants operating within this district

as follows:

- "Grand Hacienda Tampa," located at 11955 Sheldon Road, Tampa, Florida 33626 (owned by Quetzal Mexican Cuisine, LLC, which is not a party to this action);
- "Grand Hacienda St Pete Beach" located at 4393 Gulf Boulevard, St. Pete Beach, Florida 33706 (owned by Savory on the Beach, LLC, which is not a party to this action);
- "Grand Hacienda 4th St Pete" located at 399 11th Avenue North, St. Petersburg, Florida 33701 (which is owned by the Defendant and is a party of this action);
- "Grand Hacienda Tyrone Mall" located at 2424 Tyrone Boulevard North, St. Petersburg, Florida 33710 (owned by XOLO Mexican Cuisine LLC, which is not a party to this action);

9. Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed[1], and became a beneficiary of, the mobile website https://grandhaciendarestaurant.com (hereinafter "mobile website") for the public (such as Plaintiff) to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, and is complementary and supplemental to the four Grand Hacienda restaurants, all of which are located

[1] See reference as to the owner/operator of at the bottom of the landing page.

within this district. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at each of the Grand Hacienda restaurant physical locations.

10. The mobile website is offered by Defendant as a way for the public to become familiar with menu selections, hours of operation, and the four Grand Hacienda restaurant locations. The mobile website provides a link to reserve a table for dining within each of the restaurant locations (including the Grand Hacienda 4th St. Pete location), provides links to the Grand Hacienda restaurant Facebook, Instagram, Yelp and Twitter pages, alerts the public to daily specials, and provides other information Defendant seeks to communicate to the public. The mobile website has a section with information on the availability of gift certificates (available for purchase at the physical restaurant locations) as well as information on reserving space for private dining events and catering options and provides an online inquiry form for the public to obtain more information and make reservations accordingly. By the provision of menu selection, reservation services, and the ability to inquire about reserving space for private event/dining options and catering from the restaurant locations, the mobile website is an integral part of the goods and services offered by Defendant on behalf of each of the Grand Hacienda restaurants, including the Grand Hacienda 4th St. Pete restaurant location. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title

III of the ADA[2], 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

11. Defendant's mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendant has subjected itself to the ADA because its mobile website is offered as a tool to promote, advertise and sell products and services from each of the Grand Hacienda restaurant locations, including its Grand Hacienda 4th St. Pete restaurant. As a result, Defendant's mobile website must interact with the public, which includes Plaintiff (a visually impaired person). Therefore, Defendant's mobile website must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[3]

12. Defendant's mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other

---

[2] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice. The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

[3] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

means of accommodation.

13. Like the seeing community, Plaintiff would like the opportunity to be able to use the https://grandhaciendarestaurant.com mobile website to test for the ability to comprehend Grand Hacienda restaurant menu selections and to test for the ability to make reservations, and to inquire about private dining events and catering. However, unless Defendant is required to eliminate the barriers to Plaintiff's ability to communicate with Defendant through its mobile website, Plaintiff will continue to denied full and equal access to the mobile website and will be deterred from fully using that mobile website.

14. Plaintiff is continuously aware of the violations on the mobile website https://grandhaciendarestaurant.com and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist.

15. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendant's practice.

16. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in

the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

**COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

18. The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

19. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

20. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

21. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public

accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

22. The https://grandhaciendarestaurant.com mobile website has been designed to integrate with Grand Hacienda restaurants through the provision of a reservation service and the ability to inquire about private dining events and catering from the four restaurants; therefore, the mobile website is an extension of Grand Hacienda restaurants. By and through its mobile website, Defendant extends each Grand Hacienda restaurant (and specifically, its Grand Hacienda 4th St. Pete restaurant) into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Grand Hacienda restaurants. Because Defendant’s mobile website is integrated with, and is a nexus to, Grand Hacienda brick-and-mortar restaurants, it is required by 28 C.F.R. Section 36.303 *et seq*. to provide effective communication to Plaintiff, as a visually impaired person.

23. Plaintiff attempted to access and test the mobile website https://grandhaciendarestaurant.com, but was unable to do so because the mobile website contains barriers to effective communication for visually impaired individuals such as himself. Plaintiff continues to be unable to effectively communicate with Defendant through the mobile website and understand the content therein because numerous portions of the mobile website do not interface with

mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to Plaintiff (a VoiceOver screen reader software user) include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

    i. Guideline 1.3.1 Info and Relationships is violated. Each button icon in the *Make a Reservation* form is announced, but none have descriptive labels. For example, the arrows are each announced as only "m."

    ii. Guideline 1.3.2 Meaningful Sequence is violated. Content must be presented in a meaningful order, and this is violated. The *Lunch* menu content is not accessible due to the focus order. Some elements do not receive focus and are not announced at all, such as the first item in the *Sopas* section. Focus also jumps randomly across the page. For example, after the *Street Tacos* dish is announced, focus moves to the price for the *Tamale Plate* dish so the wrong price is announced as related to the *Street Tacos* dish. In addition, the price on screen shows "$10.95" but the price is announced as "$810."

    iii. Guideline 1.4.5 Images of Text is violated. The mobile website does not use images of text (so that screen readers are unable to comprehend). For example, the *Kids* menu content is only available as an image. None of the text in the image is announced, so mobile VoiceOver screen reader software users cannot hear any of the content.

    iv. Guideline 2.4.3 Focus order is violated. The mobile website is required to provide focus in a logical order, and this has been violated. Mobile VoiceOver screen reader software users are unable to select a date in the *Make a Reservation* form. None of the dates are announced, focus instead exits the *date picker* popup and announces elements not shown in the *date picker* window.

24. In this instant case, Defendant's mobile website reservation system is linked to a third party vendor. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to a third party vendor platform does not

absolve Defendant of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to unequal treatment "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

25. As the owner and/or operator and/or beneficiary of the mobile website which serves as a gateway to Grand Hacienda restaurants (and specifically, Defendant's Grand Hacienda 4th St. Pete restaurant), Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create, maintain and operate a mobile website that is accessible to Plaintiff so that he (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability comprehend menu selections and to test for his ability to make a reservation to dine within the Grand

Hacienda restaurant locations and to test for the ability to inquire about private dining events and catering.

26. Defendant has violated the ADA by failing to interface the mobile website which is directly linked to Grand Hacienda restaurants (and specifically linked to Defendant's Grand Hacienda 4th St. Pete restaurant), with VoiceOver screen reader software utilized by Plaintiff (a visually impaired individual) (reference violations delineated within paragraph 23) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in Defendant denying Plaintiff effective communication on the basis of his disability in accordance with 28 C.F.R. Section 36.303 *et seq*.

27. Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist.

28. As the result of the barriers to communication which are present within the mobile website and by continuing to operate and/or benefit from the mobile website with such barriers, Defendant has contributed to Plaintiff's frustration, humiliation, sense of isolation and segregation and has deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the barriers to effective communication within the mobile website and knowing that it would be a futile

gesture to attempt to utilize the mobile website, Plaintiff has been deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and has been deterred and discouraged from doing so. By benefiting from and/or maintaining a mobile website with barriers to effective communication, Defendant has deprived Plaintiff the equality of opportunity which it offers to the general public.

29. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's violations until Defendant is compelled to comply with the requirements of the ADA and conform the mobile website to WCAG 2.1 Level A and AA Guidelines.

30. Plaintiff desires to access the mobile website to assure himself that the mobile website is in compliance with the ADA so that he will be able to comprehend the mobile website. However, Plaintiff has a realistic, credible, existing and continuing fear of not being able to comprehend the Grand Hacienda restaurant menu selections, and test the Grand Hacienda restaurant reservation service, and to test for the ability to inquire about private dining events and catering events online due to Defendant's non-compliance with the ADA with respect to the mobile website.

31. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and

damage without the immediate relief as requested herein.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter the mobile website to make it readily accessible to and usable by usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant Modern Mexican Restaurant Group, LLC and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the Americans with Disabilities Act and 28 C.F.R. Section 36.303 *et seq*.;

b. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain the mobile website which serves as a gateway to the Grand Hacienda restaurants (and specifically, to Defendant's Grand Hacienda 4th St. Pete restaurant) to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

c. The Court issue an Order directing Defendant to alter the mobile website to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendant provide the appropriate

    auxiliary aids such that Plaintiff (a visually impaired person) will be able to effectively communicate with the mobile website for purposes of comprehending menu selections, for making reservations to dine within each of the four Grand Hacienda restaurants (and specifically, Defendant's Grand Hacienda 4th St. Pete restaurant), and for inquiring about private dining events and catering, and during that time period prior to the mobile website's being designed to permit Plaintiff to effectively communicate, requiring Defendant to provide an alternative method for Plaintiff to effectively communicate so that he is not impeded from obtaining the goods and services which Defendant has made available to the public through the mobile website.

e. The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards Plaintiff (a visually impaired person) for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f. The Court enter an Order directing Defendant to continually update and maintain the mobile website to ensure that it remains fully accessible and usable pursuant to Title III of the ADA;

g. The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and

h. The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 6, 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*